AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br>Eric Brooks<br><br>*Defendant(s)* | ) ) ) ) ) ) ) Case No.  2:21-mj-0035 DB<br><br>5:22-mj-00550 |

FILED
Feb 26, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  July 22, 2019 - February 24, 2021  in the county of  San Joaquin  in the
Eastern   District of   California  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 751(a) | Escape from Custody |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT OF Deputy U.S. Marshal Alan Yao

☑ Continued on the attached sheet.

/s/Alan Yao
*Complainant's signature*

Alan Yao, Deputy US Marshal
*Printed name and title*

Sworn to and signed before me telephonically.

Date:  02/26/2021

City and state:   Sacramento, California

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

### Affidavit of Deputy United States Marshal Alan Yao

I, Alan Yao, being duly sworn, hereby depose and state:

### PURPOSE

1. This Affidavit is made in support of a criminal complaint charging Eric Brooks with:

   COUNT ONE: Escape from Custody, in violation of 18 U.S.C. § 751(a).

### AGENT BACKGROUND

2. I am a Deputy U.S. Marshal with the United States Marshals Service, assigned to the Eastern District of California-Sacramento Office and I have been so employed since August 2015. As part of my regular assigned duties, I conduct investigations regarding the whereabouts of federal and state fugitives. I am a duly commissioned federal law enforcement officer of the United States Marshals Service, authorized to carry firearms, execute warrants, make arrest for offenses against the United States of America and to perform other law enforcement duties as authorized by law. I am currently assigned to the Pacific Southwest Regional Fugitive Task Force – California. During my career, I have participated in at least one hundred fugitive investigations.

3. Because this affidavit is submitted for the limited purpose of establishing probable cause for the requested arrest warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause. This affidavit is based upon my own personal knowledge but also the knowledge of other law enforcement officers involved in this investigation.

### STATEMENT OF PROBABLE CAUSE

#### Brooks escaped from BOP custody after transfer to home confinement.

4. In 2008, Brooks was charged by Indictment in the Eastern District of California. 2:08-CR-00122; Indictment, Dkt. 3. On January 8, 2010, Brooks pleaded guilty to conspiracy to distribute and possess with intent to

distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Minutes, Dkt. 55; Plea Agreement 57. On October 26, 2012, United States District Court Judge Garland E. Burrell, Jr. sentenced Brooks to serve 198 months incarceration in the Bureau of Prisons. Judgment, Dkt. 105. Upon completion of his prison term, Brooks was ordered to be on supervised release for 120 months.

   a. On December 15, 2015, Brooks's term of incarceration was reduced from 198 months down to 160 months pursuant to 18 U.S.C. § 3582(c)(2). Dkt. 112. The reduction was based on the United States Sentencing Commission's decision to retroactively lower the drug guidelines. Dkt. 110.

5. On April 18, 2019, to begin the process of reintegration, Brooks was transferred from United States Penitentiary – Atlanta to a halfway house in Oakland, California. Subsequently, on June 5, 2019, Brooks was transferred to home confinement in Lodi, California. Brooks was set to be released from custody in October 2019.

6. During the period of home confinement, Brooks was subject to specific conditions. For example, Brooks was prohibited from "drink[ing] alcoholic beverages of any kind" and was required to "submit to urinalysis or alcohol testing as request by the RRC/Probation." On July 22, 2019, Brooks reported to a residential reentry center ("RRC") and was subjected to a breath test. The breath test showed that Brooks was under the influence of alcohol. RRC staff requested a urine sample. Brooks left the RRC without providing the urine sample and subsequently absconded from home confinement and supervision. He did not return to his designated location of home confinement in Lodi, California.

7. Because Brooks was in the custody of the Bureau of Prisons, Brooks's non-compliance with home confinement requirements is an escape from custody under 18 U.S.C. § 751(a). Indeed, on May 7, 2019, Brooks had signed a "Home Confinement and Community Control Agreement" where he acknowledged that, "I am aware that I will legally remain in the custody of the Bureau of Prisons and/or the U.S. Attorney General and that failure to remain at the required locations may result in disciplinary action and/or prosecution for escape." Accordingly, on July 22, 2019, BOP issued a Notice of Escaped Federal Prisoner seeking to have Brooks arrested and returned to custody.

## Brooks arrested in Modesto and gives false identity to law enforcement.

8. On October 30, 2020, at 1:42 a.m., an officer from the Modesto Police Department ("MPD") conducted a traffic stop of a Cadillac Escalade for failure to display a license plate in violation of California Vehicle Code § 5200(a)(1). There were three men in the Escalade. The driver identified himself as Johnny Mercado. The front passenger and back passenger refused to identify themselves. All three men denied being on parole or probation.

    a. Subsequently, the MPD officer confirmed through dispatch that Mercado was on probation for domestic violence.

9. While the MPD officer was in his patrol vehicle conducting a records check on Mercado, 9-1-1 dispatch received a 9-1-1 call reporting a shooting at the Palladium Nightclub in Modesto. The 9-1-1 caller identified himself as "Johnny." 9-1-1 dispatch pinged the phone that had called 9-1-1 to ensure that officers were responding to the correct location. The ping came back to the location of the traffic stop. Shortly thereafter, a second 9-1-1 call was received reporting a man with a gun at the Palladium Nightclub.

10. At this point, the MPD officer returned to the parked Escalade. The officer saw that the backseat passenger was on a call with 9-1-1. The person's phone was lit up white with red letters indicating 9-1-1. The MPD officer asked dispatch to call the first number that called into 9-1-1. Immediately thereafter, a cell phone near the front seat passenger began to ring. The MPD officer then ordered all three men out of the car and called for backup because it appeared that the men had called in a false police emergency and were trying to divert the officer's attention.

    a. Nearby, five separate marked police units responded to the Pallidum Nightclub to investigate the potential active shooter. No one with a gun was located. Security personnel at the nightclub had not seen anything suspicious at the nightclub (i.e. a shooting or a man with a gun).

11. The MPD officer arrested all three occupants of the vehicle related to the false police report and the attempt to divert his attention from the traffic stop. The front seat passenger identified himself as Tomas Antonio Guerrero. The front seat passenger was booked, cited, and released from custody.

During the booking process, the front seat passenger was fingerprinted. Later, after the front seat passenger had been released from custody, it was determined based on fingerprints that the front seat passenger was in fact Eric Brooks and that he had given a false name and birth date to law enforcement officers.

   a. The backseat passenger was identified as Albert Stanley, Jr. Stanley was searched incident to arrest at the jail. Inside of Stanley's shoes, law enforcement officers found 4.8 grams of suspected cocaine and a California identification card for Eric Brooks.

   b. I have reviewed the Modesto PD booking photo the front seat passenger and it appears to be Eric Brooks.

**Brooks arrested after leading officers on a high-speed pursuit.**

12. On February 24, 2021, at approximately 3:24 p.m., law enforcement officers spotted Brooks driving a black Chevy Camaro in Stockton, California. Officers followed Brooks to an Arco gas station. Officers then activated their emergency lights and sirens in an attempt to arrest Brooks and take him into custody.

13. Brooks disregarded the emergency lights and sirens and left the gas station at a high rate of speed. Law enforcement officers pursued Brooks with their emergency lights and sirens activated. Brooks drove at a high rate of speed and attempted to evade the law enforcement officers.

14. Eventually, Brooks lost control of his car and crashed his car into a traffic light pole. Two law enforcement officers, believing that the car had been disabled, approached the vehicle on foot in an attempt to take Brooks into custody. The two officers yelled "Police, put your hands up." Brooks did not comply with law enforcement commands. Instead, he reversed his vehicle, nearly striking one of the officers.

15. Brooks then drove away at a high rate of speed. Assisting law enforcement officers pursued Brooks. Brooks's vehicle was eventually pinned in by law enforcement vehicles after Brooks had crashed into several pursuing law enforcement vehicles. Brooks was taken out of the car and handcuffed.

16. Law enforcement officers searched the Camaro. They seized approximately

one pound of methamphetamine and a quarter pound of heroin from the trunk of the Camaro.

## CONCLUSION

17. Based on the foregoing facts, I believe that there is probable cause to believe that Eric Brooks unlawfully escaped from custody, in violation of 18 U.S.C. § 751(a).

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

  /s/Alan Yao
ALAN YAO
Deputy U.S. Marshal

Sworn and Subscribed to me telephonically
on February 26, 2021,

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

Approved as to form:

Justin L. Lee
Assistant United States Attorney

## PENALTY SLIP

## United States v. Eric Brooks

**COUNT ONE:**  18 U.S.C. § 751(a) – Escape from Custody

    Fine of up to $250,000, and/or
    Imprisonment of up to 5 years, or both
    Term of Supervised Release of up to 3 years
    Mandatory $100 Special Assessment